UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**GRETA A. CAMPBELL**           )
3429 Fordington Place           )
Waldorf, Maryland 20603         )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. _____
                                )
**WILLIAM H. TURRI,**           )
**(ACTING) PUBLIC PRINTER**     )
732 North Capitol Street, N.W.  )
Washington, DC  20401           )
                                )
        Defendant.              )
_____)


# COMPLAINT
(EMPLOYMENT DISCRIMINATION: 442 CIVIL RIGHTS-EMPLOYMENT)

Comes now Plaintiff, Greta A. Campbell, and by way of Complaint against the Defendant, say as follows:

## NATURE OF THE ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. for race discrimination and retaliation in employment.

2. This action is also brought under the Rehabilitation Act 29 U.S.C. § 791, as amended by 42 U.S.C. § 12101, for disability discrimination and retaliation in employment.

# JURISDICTION

## SUBJECT MATTER JURISDICTION

3. The Court enjoys subject matter jurisdiction over this dispute as it exclusively concerns a federal question and claims presented under federal law. 28 U.S.C § 1331.

4. The Court has been granted jurisdiction over this matter pursuant to 42 U.S.C § 2000e-5(f)(3) and 29 CFR § 1614.407.

5. Plaintiff's claims are properly before this Court, as she has exhausted she administrative remedies through the federal sector EEO complaint process by filing a formal complaint of discrimination with the Defendant U.S. Government Printing Office (hereinafter "GPO") on or about August 24, 2005, GPO Case No. 05-24. GPO issued its Final Agency Decision (FAD) on this EEO complaint, on September 28, 2006 and Plaintiff received the FAD on or around five days following the postmarked FAD of September 29, 2006. Plaintiff files the instant action within 90 days of her receipt of the FAD.

## PERSONAL JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendant pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(c).

7. The United States District Court for the District of Columbia is the proper venue for this action since the Defendant U.S. Postal Service is headquartered in the District of Columbia and has substantial and continuous contacts with

      the District of Columbia.  Moreover, all of the events giving rise to the claims occurred in this judicial district, 28 U.S.C. § 1391(e).

## PARTIES

8.     The Plaintiff, Greta A. Campbell is an individual who is, and all times relevant herein, was a resident of the State of Maryland.  She is, and at all times relevant herein, was an employee of the Defendant GPO within the meaning of 42 U.S.C. § 2000e(f).

9.     William H. Turri is the Acting and Deputy Public Printer since the Public Printer position is currently vacant.  Mr. Turri is named here as Defendant in his official capacity as head of the U.S. Government Printing Office.  The GPO is a federal governmental agency and an employer, as defined by 42 U.S.C. §§ 2000e(b), 2000e-16 with over 500 employees.  GPO is located at  is headquartered at 732 North Capitol Street, N.W., Washington, D.C. 20401.

## FACTUAL ALLEGATIONS

12.     Plaintiff Greta A. Campbell is an African-American female who, during most time periods covered herein, worked as a Management Analyst, PG-11, Step 4 for GPO in its Washington, D.C. office.

13.     GPO hired Ms. Campbell on or about August 20, 1989.  Since July 2003, her duties as Management Analyst consisting of operating all aspects of the Agency's record management program including but not limited to storing and retrieving records and boxes from offices throughout GPO and various storage rooms, which she was exclusively required to maintain.

14. Throughout her employment, Ms. Campbell performed her duties and responsibilities well, and consistently met or exceeded GPO's expectations. Until in or about June 2003, GPO employed a File Clerk who performed the physical aspects of Ms. Campbell's job. Once that position was abolished these duties were assigned to Ms. Campbell.

15. In or about 1992, Ms. Campbell was diagnosed with "Pes Planus" feet – a permanent condition which requires her to wear a Ritchie brace on her foot, a leg brace and to use a scooter for mobility. Her condition substantially limits several major life activities, including but not limited to walking, running, standing, bending, reaching, stooping, lifting, and working.

16. In August/September 2004, she informed her supervisors Steve Shedd, Allison Brown and others of a need for a reasonable accommodation to allow her to continue to manage records and to enjoy equal employment opportunity as other non-disabled employees. Ms. Campbell made a formal written request for reasonable accommodation on November 16, 2004.

17. GPO assigned to mentally-challenged employees to assist Ms. Campbell; however, this provide completely ineffective because communicating was difficult, one employee required constant supervision, and the other refused to work. Ms. Campbell informed Mr. Shedd of this in October 2004.

18. In response to her formal request, GPO claimed that it was providing Ms. Campbell a reasonable accommodation by asking her to: a) refrain from

performing a subset of her duties and b) call the Agency's internal movers to move boxes.

19. On several occasions Ms. Campbell advised Agency officials that this alleged accommodation was not effective since the movers often did not respond timely to her calls, or did not respond at all. And when the movers did respond, they only transferred boxes from one office to another and performed none of the other tasks she needed assistance with, including but not limited to retrieving and re-filing records, and providing training and records storage assistance to other offices.

20. GPO provided no accommodation to Ms. Campbell whatsoever and at times, through its officials, GPO refused to engage in an interactive process with Ms. Campbell to fashion a reasonable accommodation.

21. Despite Ms. Campbell's repeated efforts to secure a reasonable accommodation, particularly that of a reassignment to a vacant position, GPO provided no reasonable accommodation.

22. Unlike GPO's treatment of Ms. Campbell, GPO provided accommodations in the form of reassignment, job creation, support and other accommodations other GPO employees who were Caucasian.

23. Ms. Campbell, therefore, filed an informal and formal EEO complaint, which resulted in no resolution, but rather the instant action. Only one month ago, did GPO reassign Ms. Campbell to a Financial Information Analyst position. Yet, she has no permanent office and no computer to perform work.

24. As a result of Defendant's steadfast and long-term refusal to provide Ms. Campbell a reasonable accommodation, her physical disabilities have worsened and she has experienced severe emotional distress, which requires professional treatment and medication.

## COUNT I
### DISABILITY DISCRIMINATION

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24, inclusive, and incorporates the same by reference as though set forth fully herein.

26. Ms. Campbell is a qualified individual with a disability. She has physical and mental impairments, which substantially limit major life activities within the meaning of 42 U.S.C § 12102 (2). She has been diagnosed as suffering from pes planus feet.

27. Ms. Campbell was qualified for the position of Management Analyst at GPO and had met or exceeded her performance expectations.

28. Ms. Campbell could have performed the essential functions of a vacant position with GPO with or without a reasonable accommodation.

29. Ms. Campbell requested a reasonable accommodation for her disability.

30. GPO failed to provide Ms. Campbell a reasonable accommodation for her disability. GPO declined to reassign her to an open position for which she qualified and one in which she could have performed, despite her limitations. Providing this reasonable accommodation did not place an undue hardship on GPO or its operations.

31. GPO's failure to provide Ms. Campbell a reasonable accommodation for her disability violated the Rehabilitation Act, 29 U.S.C. § 791.

32. Since in or about 2004, GPO had a record of Ms. Campbell's disability.

33. GPO regarded Ms. Campbell as disabled.

34. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees described herein.

35. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant, and its officials, have engaged in discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

## COUNT II
### RACE DISCRIMINATION

36. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35, inclusive, and incorporates the same by reference as though set forth fully herein.

37. Ms. Campbell is an African American.

38. Ms. Campbell was qualified for the position of Management Analyst at GPO and had met or exceeded her performance expectations.

39. Despite Ms. Campbell's disability and multiple requests for reasonable accommodation, GPO failed to provide her a reasonable accommodation.

7

40. GPO denied Ms. Campbell a reasonable accommodation, while granting other accommodation and benefits to Caucasian disabled and non-disabled employees.

41. GPO and Ms. Riley-Jamison denied Ms. Campbell paid leave, unpaid leave, and other benefits while granting leave and benefits to Caucasian Legal Secretaries, a System Administrator, and Receptionist for absences necessitated by their own medical conditions or that of their family's.

42. Ms. Campbell's race motivated GPO to deny her a reasonable accommodation.

43. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees.

44. Defendants discriminated against Ms. Campbell due to her race in violation of Title VII, 42 U.S.C. § 2000e-16(a).

45. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and their agents, have engaged in discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

## COUNT IV
### RETALIATION

46. Plaintiff repeats and realleges the allegations of paragraphs 1 through 45, inclusive, and incorporates the same by reference as though set forth fully herein.

47. Ms. Campbell engaged in activity protected by § 704 of Title VII when, among other things, she requested reasonable accommodation for her disability and

8

engaged in discussions and/or transmitted correspondent to GPO officials concerning her disability and/or reasonable accommodation.

48. Ms. Campbell further engaged in protected activity when she complained that she was being disparately and negatively because she is African American.

49. Ms. Campbell engaged in conduct protected by the Rehabilitation Act, including but not limited to taking disability-related absences and requesting and receiving leave from work, as well as workers' compensation from early 2005 to the present. GPO and Ms. Campbell's supervisors were aware of this protected conduct, since they received and approved her leaves of absence from work.

50. GPO had actual and constructive knowledge of these protected activities.

51. There is a causal nexus between GPO's persistent refusal to reasonably accommodation Ms. Campbell and Ms. Campbell's protected activities.

52. The reasons offered by the Defendants for refusing to provide a reasonable accommodation are pretextual.

53. GPO did not treat Ms. Campbell as they had treated similarly-situated employees who had not engaged in protected activity.

54. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees as described above.

55. The Defendants retaliated against Ms. Campbell in violation of Title VII, 42 U.S.C. § 2000e-3(a).

56. The Defendants retaliated against Ms. Campbell in violation of the Rehabilitation Act, 29 U.S.C. § 791.

57. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, GPO, and its officials, have engaged in retaliatory practices against her which are not yet fully known. At such time as said retaliatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

## PRAYER FOR RELIEF

117. As a direct and proximate result of Defendant's actions, Ms. Campbell has experienced and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress. She has incurred and will continue to incur medical expenses for treatment by a psychologist and other health professionals and for other incidental expenses. Therefore, for each Count alleged in this Complaint, Ms. Campbell is entitled to medical expenses and compensatory damages, where permitted.

118. As a further direct and proximate result of Defendants' violations of law, Ms. Campbell has been compelled to retain the services of counsel and has thereby incurred and will continue to incur, legal fees and costs. Therefore, for each Count alleged in this Complaint, Ms. Campbell requests that attorneys' fees be awarded.

WHEREFORE, Plaintiff prays for the following relief:

   a. An order declaring the acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act;

b. An order restraining and permanently enjoining Defendant's illegal acts and practices;

c. Lost wages and salary, bonuses, and benefits;

d. Plaintiff's costs, and past and future pecuniary losses;

e. Equitable and restorative relief, including but not limited to leave restoration and front pay.

f. Compensatory damages for all claims;

g. Pre-judgment and post-judgment interest;

h. Plaintiff's attorney's fees and expert witness fees;

i. All other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims and issues triable by jury.

Respectfully submitted,

Dated: January 4, 2007        By:_____/s/_____
                                  Teresa W. Murray
                                  Bar No. 460430

                              THE LAW OFFICE OF T.W. MURRAY
                              1025 Connecticut Avenue, N.W.
                              Suite 1000
                              Washington, D.C. 20036
                              Phone: 202-327-5477
                              Fax: 202-327-5451

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Greta A. Campbell

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
William Turri, Public Printer

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Teresa W. Murray
1025 Connecticut Ave NW
#1000
Wash DC 20036

CASE NUMBER  1:07CV00033
JUDGE: Richard W. Roberts
DECK TYPE: Employment Discrimination
DATE STAMP: 01/4/2007

**JURY ACTION**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR PLAINTIFF)

Citizen of this State — Incorporated or Principal Place of Business in This State ☐ 4  ☐ 4
Citizen of Another State ☐ 2 ☐ 2 — Incorporated and Principal Place of Business in Another State ☐ 5 ☐ 5
Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 — Foreign Nation ☐ 6 ☐ 6

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC §2000e + 29 USC §791

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ not   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☐ NO   If yes, please complete related case form.

DATE 1/4/07   SIGNATURE OF ATTORNEY OF RECORD  /s/ Teresa W. Murray

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.