UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**GRETA A. CAMPBELL**              )
3429 Fordington Place              )
Waldorf, Maryland 20603            )
                                   )
      Plaintiff,            )
                                   )
  v.                           )  Civil Action No. 1:07CV00033 (RR)
                                   )
**WILLIAM H. TURRI,**              )
**(ACTING) PUBLIC PRINTER**        )
732 North Capitol Street, N.W.     )
Washington, DC  20401              )
                                   )
      Defendant.            )
_____)

# FIRST AMENDED COMPLAINT
(EMPLOYMENT DISCRIMINATION: 442 CIVIL RIGHTS-EMPLOYMENT)

Comes now Plaintiff, Greta A. Campbell, and by way of Amended Complaint against the Defendant, say as follows:

## NATURE OF THE ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. for race discrimination and retaliation in employment.

2. This action is also brought under the Rehabilitation Act 29 U.S.C. § 791, as amended by 42 U.S.C. § 12101, for disability discrimination and retaliation in employment.

# JURISDICTION

## SUBJECT MATTER JURISDICTION

3. The Court enjoys subject matter jurisdiction over this dispute as it exclusively concerns a federal question and claims presented under federal law. 28 U.S.C § 1331.

4. The Court has been granted jurisdiction over this matter pursuant to 42 U.S.C § 2000e-5(f)(3) and 29 CFR § 1614.407.

5. Plaintiff's claims are properly before this Court, as she has exhausted her administrative remedies through the federal sector EEO complaint process by filing a formal complaint of discrimination with the Defendant U.S. Government Printing Office (hereinafter "GPO") on or about August 24, 2005, GPO Case No. 05-24. GPO issued its Final Agency Decision (FAD) on this EEO complaint, on September 28, 2006 and Plaintiff received the FAD on or around five days following the postmarked FAD of September 29, 2006. Plaintiff files the instant action within 90 days of her receipt of the FAD.

## PERSONAL JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendant pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(c).

7. The United States District Court for the District of Columbia is the proper venue for this action since the Defendant GPO is headquartered in the District of Columbia and has substantial and continuous contacts with the District of

Columbia. Moreover, all of the events giving rise to the claims occurred in this judicial district, 28 U.S.C. § 1391(e).

## PARTIES

8. The Plaintiff, Greta A. Campbell is an individual who is, and all times relevant herein, was a resident of the State of Maryland. She is, and at all times relevant herein, was an employee of the Defendant GPO within the meaning of 42 U.S.C. § 2000e(f).

9. William H. Turri is the Acting and Deputy Public Printer since the Public Printer position is currently vacant. Mr. Turri is named here as Defendant in his official capacity as head of the U.S. Government Printing Office. The GPO is a federal governmental agency and an employer, as defined by 42 U.S.C. §§ 2000e(b), 2000e-16 with over 500 employees. GPO is headquartered at 732 North Capitol Street, N.W., Washington, D.C. 20401.

## FACTUAL ALLEGATIONS

12. Plaintiff Greta A. Campbell is an African-American female who, during most time periods covered herein, worked as a Management Analyst, PG-11, Step 4 for GPO in its Washington, D.C. office. GPO hired Ms. Campbell on or about August 20, 1989.

13. Since July 2003, her duties as Management Analyst consisted of exclusively operating all aspects of the Agency's record management program including but not limited to storing and retrieving records and boxes from offices throughout GPO and various storage rooms.

14. Throughout her employment, Ms. Campbell performed her duties and responsibilities well, and consistently met or exceeded GPO's expectations. Until in or about June 2003, GPO employed a File Clerk who performed the physical aspects of Ms. Campbell's job. Once GPO abolished that position, these duties were assigned to Ms. Campbell.

15. In or about 1992, Ms. Campbell was diagnosed with "Pes Planus" feet – a permanent physical impairment to her feet that requires her to wear a Ritchie brace on her foot, a leg brace and to use a scooter for mobility. Her impairment substantially limits several major life activities, including but not limited to walking, running, standing, bending, reaching, stooping, lifting, and working.

16. In August/September 2004, Ms. Campbell informed her supervisors Steve Shedd, Allison Brown and others that she needed a reasonable accommodation to allow her to continue to manage records and to enjoy equal employment opportunity as other non-disabled employees. Ms. Campbell made a formal written request for reasonable accommodation on November 16, 2004.

17. GPO assigned two mentally-challenged employees to assist Ms. Campbell; however, this proved completely ineffective – one employee required constant supervision, and the other refused to work. Ms. Campbell informed Mr. Shedd that this accommodation was ineffective in October 2004.

18. GPO then implemented another ineffective accommodation by asking Ms. Campbell to: a) refrain from performing a subset of her duties and b) call the Agency's internal movers to move boxes.

19. On several occasions Ms. Campbell advised Agency officials that this alleged accommodation was not effective since the movers often did not respond timely to her calls, or did not respond at all. And when the movers did respond, they only transferred boxes from one office to another and performed none of the other tasks she needed assistance with, including but not limited to retrieving and re-filing records, and providing training and records storage assistance to other offices.

20. GPO provided no other accommodation to Ms. Campbell whatsoever and at times, through its officials, GPO refused to engage in an interactive process with Ms. Campbell to fashion a reasonable accommodation.

21. Despite Ms. Campbell's repeated efforts to secure a reasonable accommodation, particularly that of a reassignment to a vacant position, GPO provided no reasonable accommodation.

22. Unlike GPO's treatment of Ms. Campbell, GPO provided accommodations in the form of reassignment, job creation, support and other accommodations to other GPO employees who were Caucasian.

23. Ms. Campbell, therefore, filed an informal and formal EEO complaint, which resulted in no resolution, but rather the instant action. Only one month ago, did GPO reassign Ms. Campbell to a Financial Information Analyst position. Yet, she has no permanent office and no computer to perform work.

24. As a result of GPO's steadfast and long-term refusal to provide Ms. Campbell a reasonable accommodation, her physical disabilities have worsened and she has

experienced severe emotional distress, which requires professional treatment and medication.

### COUNT I
### DISABILITY DISCRIMINATION

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24, inclusive, and incorporates the same by reference as though set forth fully herein.

26. Ms. Campbell is a qualified individual with a disability. She has physical and mental impairments, which substantially limit major life activities within the meaning of 42 U.S.C § 12102 (2). She has been diagnosed as suffering from pes planus feet.

28. 27. Since in or about 2004, GPO has had a record of Ms. Campbell's disability.

29. GPO regarded Ms. Campbell as disabled.

30. Ms. Campbell was qualified for the position of Management Analyst at GPO and had met or exceeded her performance expectations.

31. Ms. Campbell could have performed the essential functions of a vacant position with GPO with or without a reasonable accommodation.

32. Ms. Campbell requested a reasonable accommodation for her disability.

33. GPO failed to provide Ms. Campbell a reasonable accommodation for her disability. GPO declined to reassign her to an open position for which she qualified and one in which she could have performed, despite her limitations. Providing this reasonable accommodation did not place an undue hardship on GPO or its operations.

6

34. GPO's failure to provide Ms. Campbell a reasonable accommodation for her disability violated the Rehabilitation Act, 29 U.S.C. § 791.

35. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees described herein.

36. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant, and its officials, have engaged in discriminatory practices against her which are not yet fully known.  At such time as said discriminatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

## COUNT II
### RACE DISCRIMINATION

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35, inclusive, and incorporates the same by reference as though set forth fully herein.

38. Ms. Campbell is an African American.

39. Ms. Campbell was qualified for the position of Management Analyst at GPO and had met or exceeded her performance expectations.

40. Despite Ms. Campbell's disability and multiple requests for reasonable accommodation, GPO failed to provide her a reasonable accommodation.

41. GPO denied Ms. Campbell a reasonable accommodation, while granting other accommodation and benefits to Caucasian disabled and non-disabled employees.

42. Ms. Campbell's race motivated GPO to deny her a reasonable accommodation.

43. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees.

44. Defendant discriminated against Ms. Campbell due to her race in violation of Title VII, 42 U.S.C. § 2000e-16(a).

45. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and their agents, have engaged in discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

## COUNT III
### RETALIATION

46. Plaintiff repeats and realleges the allegations of paragraphs 1 through 45, inclusive, and incorporates the same by reference as though set forth fully herein.

47. Ms. Campbell engaged in activity protected by § 704 of Title VII when, among other things, she requested reasonable accommodation for her disability and engaged in discussions and/or transmitted correspondence to GPO officials concerning her disability and/or reasonable accommodation.

48. Ms. Campbell further engaged in protected activity when she complained that she was being treated disparately and negatively because she is African American.

49. Ms. Campbell engaged in conduct protected by the Rehabilitation Act, including but not limited to taking disability-related absences, requesting and receiving leave from work, as well as receiving workers' compensation from early 2005 to the

present. GPO and Ms. Campbell's supervisors were aware of this protected conduct, since they received and approved her leaves of absence from work.

50. GPO had actual and constructive knowledge of these protected activities.

51. There is a causal nexus between GPO's persistent refusal to reasonably accommodate Ms. Campbell and her protected activities.

52. The reasons offered by the Defendant for refusing to provide a reasonable accommodation are pretextual.

53. GPO did not treat Ms. Campbell as they had treated similarly-situated employees who had not engaged in protected activity.

54. GPO, at all times relevant hereto, had actual and constructive knowledge of the conduct of its managerial employees as described above.

55. The Defendant retaliated against Ms. Campbell in violation of Title VII, 42 U.S.C. § 2000e-3(a).

56. The Defendant retaliated against Ms. Campbell in violation of the Rehabilitation Act, 29 U.S.C. § 791.

57. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, GPO, and its officials, have engaged in retaliatory practices against her which are not yet fully known. At such time as said retaliatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

**PRAYER FOR RELIEF**

58. As a direct and proximate result of Defendant's actions, Ms. Campbell has experienced and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress. She has incurred and will continue to incur medical expenses for treatment by a psychologist and other health professionals and for other incidental expenses. Therefore, for each Count alleged in this Complaint, Ms. Campbell is entitled to medical expenses and compensatory damages, where permitted.

59. As a further direct and proximate result of Defendants' violations of law, Ms. Campbell has been compelled to retain the services of counsel and has thereby incurred and will continue to incur, legal fees and costs. Therefore, for each Count alleged in this Complaint, Ms. Campbell requests that attorneys' fees be awarded.

WHEREFORE, Plaintiff prays for the following relief:

a. An order declaring the acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act;

b. An order restraining and permanently enjoining Defendant's illegal acts and practices;

c. Lost wages and salary, bonuses, and benefits;

d. Plaintiff's costs, and past and future pecuniary losses;

e.  Equitable and restorative relief, including but not limited to leave restoration and front pay.

f.  Compensatory damages for all claims;

g.  Pre-judgment and post-judgment interest;

h.  Plaintiff's attorney's fees and expert witness fees;

i.  All other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims and issues triable by jury.

Respectfully submitted,

Dated: April 27, 2007   By:_____/s/_____
                              Teresa W. Murray
                              Bar No. 460430

THE LAW OFFICE OF T.W. MURRAY
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
Phone: 202-327-5477
Fax: 202-327-5451

11