# UNITED STATES DISTRICT COURT
## District of Columbia

| | |
|---|---|
| GRETA A. CAMPBELL,         ) | |
|          ) | |
|     Plaintiff,     ) | |
|          ) | |
| v.                 ) | Case No.:  1:07-cv-00033-RWR |
|          ) | |
| WILLIAM H. TURRI,       ) | |
|          ) | |
|     Acting Public Printer     ) | |
|     Government Printing Office,   ) | |
|          ) | |
|          ) | |
|     Defendant.     ) | |
|          ) | |

## ANSWER TO "FIRST AMENDED" COMPLAINT

Defendant, William H. Turri, Acting Public Printer, Government Printing Office, by and through his attorney, the United States Attorney for the District of Columbia, herein answers plaintiff's "first amended" complaint (hereinafter "complaint") as follows:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff fails to allege facts which state a claim of disability discrimination.

**Third Defense**

Defendant's actions with respect to the claims in this case were in full compliance with law and regulations.

**Fourth Defense**

Defendant is not subject to the Rehabilitation Act because it is a Legislative Branch agency.

**Fifth Defense**

Plaintiff did not exhaust her administrative remedies about claims she raises for the first time to this Court.

**Sixth Defense**

Plaintiff's Complaint is untimely.

**Seventh Defense**

Defendant reserves the right to amend its Answer should facts learned in discovery so warrant.

**Eighth Defense**

Answering specifically the numbered paragraphs in the complaint, defendant answers as follows:

1. This paragraph appears to be plaintiff's characterization of her lawsuit and, as such, needs no response. To the extent that an answer is deemed necessary, the paragraph is denied.

2. This paragraph appears to be plaintiff's characterization of her lawsuit and, as such, needs no response. To the extent that an answer is deemed necessary, the paragraph is denied.

## JURISDICTION

### SUBJECTMATTER JURISDICTION

3.     This paragraph is a statement of subject matter jurisdiction to which no response is required.

4.     This paragraph is a statement of subject matter jurisdiction to which no response is required but to aver that such jurisdiction is not conferred by regulations issued in the Code of Federal Regulations.

5.     This paragraph is a statement of subject matter jurisdiction to which no response is required.

### PERSONAL JURISDICTION AND VENUE

6.     This paragraph is a statement of personal jurisdiction to which no response is required.

7.     This paragraph is a statement of personal jurisdiction to which no response is required, but aver that the United States Postal Service is not a party to this case.

### PARTIES

8.     Admit that plaintiff is employed by GPO.  Deny the remainder of the paragraph.

9.    Admit the first and second sentences.  As to the third and fourth sentences, admit that GPO is a Federal governmental agency, that it has its main headquarters at 732 North Capitol Street, NW, Washington, D.C. 20401, and that it has more than 500 employees.  Deny the remainder of the paragraph.

## FACTUAL ALLEGATIONS

12.    Admit the first sentence. Defendant denies the remainder of the paragraph, and avers that plaintiff started employment at the GPO August 20, 1990.[1]

13.    Defendant admits that as a part of the plaintiff's overall duties she worked with the record management program. Defendant denies the remainder of the paragraph.

14.    Deny.

15.    Defendant admits that plaintiff has been diagnosed with *Pes Planus*.  Defendant lacks sufficient information or belief to admit or deny, the remainder of the paragraph and therefore denies the remainder of the paragraph.

16.    Defendant lacks sufficient information or belief to confirm or deny the first sentence and therefore denies the first sentence.  As to the second sentence, defendant admits that plaintiff submitted a form entitled "Request for Reasonable Accommodation," dated November 16, 2004.

---

[1]    **For reasons unknown to defendant, the complaint omitted paragraphs 10 and 11.**

17.    Deny the first sentence.  As to the second sentence, defendant admits that plaintiff emailed Mr. Shedd about her dissatisfaction with GPO's efforts to accommodate her concerns.  Deny the remainder of the paragraph.

18.    Admit that defendant directed plaintiff to call GPO's internal personnel who would move the boxes; deny the remainder of the paragraph.

19.    As to the first sentence, admit that plaintiff asserted that the persons she contacted to assist her with the boxes, did not respond to her requests.  Deny the second sentence.  Deny the remainder of the paragraph.

20.    Deny.

21.    Deny.

22.    Defendant lacks sufficient information or belief to confirm or deny the allegations in this paragraph, and therefore denies.

23.    Admit that plaintiff filed an informal complaint of discrimination at the administrative level. Deny the remainder of the paragraph.

24.    Deny.

## COUNT 1

## DISABILITY DISCRIMINATION

25.    Defendant incorporates here the answers provided above to paragraphs 1 through 9, and 12 through 24.

26.    As to the first sentence, this constitutes a legal conclusion as to which no answer is required.  To the extent that an answer is deemed to be

required, deny.  As to the second sentence, defendant lacks sufficient

information or belief to confirm or deny, and therefore denies.  Admit the

third sentence.

27-28[2] Defendant admits that it has known of plaintiff's diagnosis of

"*pes planus*" since on or about September 3, 2004; deny the remainder of the

paragraph.

29.    This paragraph appears to constitute a legal conclusion as to

which no answer is required.  To the extent that an answer is deemed to be

required, deny.

30.    Admit that plaintiff was qualified for the Management Analyst

position; deny all remaining allegations.

31.    Deny.

32.    Deny.

33.    Deny.

34.    This paragraph constitutes a legal conclusion as to which no

answer is required.  To the extent an answer is deemed required, deny.

35.    Deny.

36.    This paragraph appears to be plaintiff's characterization of her

lawsuit and, as such, needs no response.  To the extent that an answer is

deemed necessary, the paragraph is denied.

---

[2]    For reasons unknown to defendant, the complaint appears to conflate
paragraphs 28 and 27.

COUNT II

RACE DISCRIMINATION

37.     Defendant incorporates here the answers provided above to paragraphs 1 through 9, and 12 through 36.

38.     Admit.

39.     Admit that plaintiff was qualified for the Management Analyst position; deny all remaining allegations.

40.     Deny.

41.     Deny that defendant denied plaintiff a reasonable accommodation.  Defendant lacks sufficient information or belief to confirm or deny the remaining allegations in this paragraph, and therefore denies.

42.     Deny.

43.     Deny.

44.     Deny.

45.     This paragraph appears to be plaintiff's characterization of her lawsuit and, as such, needs no response.  To the extent that an answer is deemed necessary, the paragraph is denied.

COUNT IV[3]

RETALIATION

46.　　Defendant incorporates here the answers provided above to

paragraphs 1 through 9, and 12 through 45.

47.　　Deny.

48.　　Deny.

49.　　Deny.

50.　　Deny.

51.　　Deny.

52.　　Deny.

53.　　Deny.

54.　　Deny.

55.　　Deny.

56.　　Deny.

57.　　This paragraph appears to be plaintiff's characterization of her

lawsuit and, as such, needs no response.  To the extent that an answer is

deemed necessary, the paragraph is denied.

**PRAYER FOR RELIEF**

　　　　The remainder of plaintiff's complaint, paragraphs 58 and 59

(a)-(i) is her prayer for relief, to which no answer is required. However,

---

[3]　　For reasons unknown to defendant, the complaint omitted Count III.

defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever.

All allegations contained in the complaint not specifically admitted are denied. Having fully answered, defendant respectfully requests that this matter be dismissed with prejudice and that defendant be granted such relief as the Court deems appropriate.

Respectfully,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov