UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRETA A. CAMPBELL,                            ) | |
| ) | |
| Plaintiff                                             ) | |
| ) | Civil Action No. 07-00033 (RWR) |
| v.                                                        ) | (ECF) |
| ) | |
| WILLIAM H. TURRI,                              ) | |
| PUBLIC PRINTER, CHIEF EXECUTIVE ) | |
| OFFICER UNITED STATES GOVERNMENT ) | |
| PRINTING OFFICE                                ) | |
| ) | |
| Defendant.                                          ) | |

## THE PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to the Court's July 24, 2007 Order for Initial Scheduling Conference, the parties represent that they have conferred on the matters set forth in the Court's Order and in Local Civil Rule 16.3, and submit this joint report to the Court. This actionconcerns allegations of race and disability discrimination and retaliation in federal employment.

A. STATEMENT OF FACTS AND STATUTORY BASIS FOR CLAIMS AND DEFENSES

   *(1) Plaintiff Greta Campbell's Statement*

Greta A. Campbell is a long-time employee of the Government Printing Office (hereinafter "GPO" or "Agency") who is an African American with a disabling/handicapping condition . In 1992, she was diagnosed with a severe case of pes planus feet, which substantially limits her ability to walk, run, stand, bend, reach, lift and work. Her physicians require her to wear leg braces and she utilizes a motorized scooter for mobility. Ms. Campbell joined the GPO

18 years ago and currently works as a Management Analyst, Grade 11.  During the time period relevant to this lawsuit, 2004-2006, Ms. Campbell's duties as Management Analyst required her to operate all aspects of the Agency's record management program including but not limited to storing and retrieving records and boxes from offices throughout GPO and various storage rooms within the Agency.  GPO has been aware of Ms. Campbell's disabling condition since 1993 and again became aware of her condition in 2004, when she sustained an on-the job injury.  Ms. Campbell requested a reasonable accommodation, since she could no longer reach to retrieve or replace files and boxes, or move Agency records.  Ms. Campbell made numerous reasonable accommodation requests starting in approximately September 2004.   GPO implemented two accommodations, which both proved completely ineffective.  Ms. Campbell advised the Agency of the ineffectiveness of the accommodations and of her continued need for reasonable accommodation.  An Agency official, thereafter, instructed Ms. Campbell to refrain from requesting alternative, effective accommodations.  Eventually, on December 3, 2006, the Agency transferred Ms. Campbell out of records management to a Financial Information Analyst position, after over two years of no reasonable accommodation.  The Agency's treatment of Ms. Campbell stands in stark contrast to its treatment of other Agency employees who are Caucasian.  The Agency, for instance, has created jobs, implemented reassignments, and hired support personnel to assist Caucasian agency employees, who had no disabling condition.  Ms. Campbell, consequently, brings claims for disability and race discrimination and retaliation.  These claims are statutorily based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; and the Rehabilitation Act 29 U.S.C. § 791, as amended by 42 U.S.C. § 12101.

*(2) Defendant William Turri's Statement*

Defendant, sued in his official capacity, denies that he discriminated and retaliated against plaintiff, and avers that all of the decisions complained of were based on legitimate, nondiscriminatory business reasons.

**B. THE 26(F) CONFERENCE**

Other matters required to be discussed pursuant to the Court's July 24, 2007 Order and Local Rule 16.3 are presented below.

**1. Dispositive Motions/Discovery Timeframe**: The parties agree that Summary Judgment motions, if determined appropriate, should be filed after the close of discovery. Defendant believes this matter is likely to be disposed of by dispositive motion. Plaintiff Campbell believes that this is case not likely to be disposed of by dispositive motion (i.e. summary judgment) because, as made evident by the pleadings filed to date, there exist numerous genuine disputes as to material facts.  Parties propose that the discovery schedule for Standard Cases, as outlined in Appendix I to the Court's Order For Initial Scheduling Conference (hereinafter "Appendix I") be followed, with two minor modifications: a) that the deadline for any written Discovery Requests be thirty days before the end of any discovery period; and b) that discovery close 150 days, after the initial scheduling conference, making such date January 28, 2008.  Parties  proposes that dispositive motions should be filed within 30 days after the close of discovery (February 28, 2008), with Oppositions due within 30 days thereafter, March 31, 2008 and replies to oppositions due within 15 days after the filing of the Opposition, April 30, 2008.   The parties could not

agree to narrow the factual and legal issues beyond the Plaintiff's Amended Complaint and Defendant's Answer.

**2. Amendment to Pleadings**: At this time, the parties do not anticipate that it will be necessary to join third parties or substantively amend their pleadings, but any amendment shall be in accordance with Fed.R.Civ.P. 15.

**3. Assignment To Magistrate Judge**: Neither party consents to a referral of this suit to a Magistrate Judge.

**4. Settlement Possibility**: The parties have not discussed settlement but agree that mediation should be deferred until after the close of discovery.

**5. Alternative Dispute Resolution (ADR)**: The Parties believe that ADR may be appropriate but only after the discovery period.

(i) Plaintiff's objective in bringing this suit is to obtain _____.  Defendant's objective in defending this suit is to obtain pre-discovery dismissal or post-discovery summary judgment in his favor.

(ii) The Parties have not engaged in any settlement discussions.

(iii) As indicated above, the parties agree that ADR may be appropriate but only after the close of the discovery period.

(iv) The parties, at this time, do not know whether this case would benefit from a neutral evaluation. However, if such evaluation were to occur, the parties believe that it should be done after discovery.

(v) The Parties do not believe that discovery should be stayed for the purposes of mediation.

6. **Initial Disclosures**: The Defendant proposes exchanges intial disclosure by September 28, 2007.  Plaintiff proposes exchanging only information required by  F.R.C.P. 26(a)(1)(A).

7. **Experts**: The parties propose that any experts be designated no later than October 29, 2007, and that any rebuttal experts be designated no later than  November 29, 2007. The Parties propose that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

8. **Bifurcation of Discovery or Trial**: The parties do not see any need for bifurcation at this time.

9. **Proposed Date For The Pretrial Conference**: The parties believe that a pretrial conference should be scheduled following the Court's rulings on dispositive motions.

10. **Trial Date**: The parties believe that the Court should schedule a trial date at the pretrial conference.

                                                Respectfully submitted,

Dated: August 22, 2007                                                   By**:**        **/s/**
                                                                         Teresa W. Murray

                                                THE LAW OFFICE OF T.W. MURRAY
                                                7474 Greenway Center Drive
                                                Suite 820
                                                Greenbelt, Maryland 20770
                                                Phone: 301-982-2005
                                                Fax: 301-982-0004

                                                Counsel for the Plaintiff


                                                By**:**        **/s/**
                                                Benton G. Peterson
                                                ASSISTANT UNITED STATES ATTORNEY
                                                Judiciary Center Building
                                                555 4th Street, N.W. – Civil Division
                                                Washington, D.C. 20530
                                                Phone: 202-514-7238
                                                Fax: 202-514-8780

                                                Counsel for the Defendant